UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: MIRENA IUD PRODUCTS LIABILITY LITIGATION**

| | |
|---|---|
| Nicole Baker v. Bayer HealthCare Pharmaceuticals, Inc., <br>     N.D. California, C.A. No. 3:13-00490 <br> Brianna Steele v. Bayer HealthCare, LLC, et al., <br>     E.D. Louisiana, C.A. No. 2:13-00528 <br> Britney G. Austin v. Bayer HealthCare Pharmaceuticals, Inc., <br>     S.D. Mississippi, C.A. No. 5:13-00028 | MDL No. 2434 |

**ORDER VACATING CONDITIONAL TRANSFER ORDERS**

      **Before the Panel:** Pursuant to Rule 7.1, Bayer HealthCare Pharmaceuticals, Inc. ("Bayer") moves to vacate our orders conditionally transferring these actions to the Southern District of New York for inclusion in MDL No. 2434. Plaintiffs in the *Baker* and *Austin* actions oppose the motions to vacate. Plaintiff in the *Steele* action did not submit a response.

      The actions originally centralized in this MDL involve factual questions arising from the alleged risk of uterine perforation and migration associated with the Mirena IUD and the adequacy of the product's warning label with respect to those risks. *In re: Mirena IUD Prods. Liability Litig.*, — F. Supp. 2d —, 2013 WL 1497304, at *1 (J.P.M.L. Apr. 8, 2013). In the *Baker, Steele,* and *Austin* actions, plaintiffs allege that as a result of using the Mirena IUD, they suffered one ore more of the following injuries: infection, dysfunctional uterine bleeding, ovarian cysts, abdominal pain, nausea, and depression. Plaintiffs allege that Bayer's labeling and marketing of Mirena represents that the product is a safe form of contraception, and that Bayer's disclosures misrepresent or otherwise fail to warn users of the product's true risks. The complaints also include general allegations concerning the risk of perforation of the uterine wall and migration of the product post-insertion, but none of the plaintiffs allege that their injuries relate to perforation or migration.

      In support of its motions to vacate, Bayer argues that (1) the Panel's transfer order limits the scope of MDL No. 2434 to actions claiming an injury from perforation or migration of the Mirena IUD, and (2) adding "non-perforation" actions to the MDL will substantially expand the scope of discovery there, which is focused on whether Bayer knew of and sufficiently warned of the risk of perforation and migration. Bayer contends that transfer of the *Baker, Steele,* and *Austin* actions thus will impede rather than promote the efficient resolution of the actions in MDL No. 2434. In response, plaintiffs in the *Baker* and *Austin* actions contend that their actions should be included in the MDL because, like the other actions subject to the transfer order, they focus on the "adequacy of the product's warning label" and will involve common factual questions concerning the design, manufacturing, and testing of the Mirena IUD. They acknowledge that the transfer order described

-2-

the actions as involving uterine perforation and migration, but argue that this description was not "to the exclusion of all other injuries."

After considering all arguments of counsel, we find that transfer of the above-captioned actions will not promote the just and efficient conduct of this litigation. As a threshold matter, we do not agree with plaintiffs' broad characterization of MDL No. 2434 as encompassing any action alleging that the Mirena warning label is inadequate, without regard to the type of risk at issue. We centralized the actions in MDL No. 2434 based on the "alleged risk of perforation and migration posed by the product and the adequacy of the product's warning label with respect to those risks." *In re: Mirena IUD Prod. Liability Litig.*, — F. Supp. 2d —, 2013 WL 1497304, at *1.[1]

Additionally, plaintiffs fail to demonstrate that their actions raise questions of fact common to the actions previously transferred to MDL No. 2434. Although their complaints include generalized allegations that Mirena poses a risk of uterine perforation or migration post-insertion, none of the plaintiffs allege in the complaints or in the briefing before the Panel that their specific injuries are related to perforation or migration. Transfer of their actions would broaden the MDL's scope to encompass actions alleging injury of any kind arising from Mirena. We are not persuaded that such a change in scope would promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that the Panel's conditional transfer orders designated as "CTO-1" and "CTO-4" are vacated insofar as they relate to the above-captioned actions.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Paul J. Barbadoro
Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance

---

[1] In fact, at the time of centralization, the Panel considered whether to include one action that did not allege an injury related to perforation or migration and instead "allege[d] that the product causes autoimmune disorders and that the product's label fails to provide adequate warnings with respect to such disorders." *Id.* at *2. The Panel denied transfer of that action, notwithstanding plaintiff's allegation of an inadequate warning label, finding that "no common factual issues are readily apparent." *Id.* The Panel's exclusion of that action further demonstrates that MDL No. 2434 does not encompass all Mirena actions, but rather is limited to actions alleging an injury related to the risk of perforation and migration associated with the Mirena IUD.